## AVERY v. KINSMAN.

THIS action was upon an implied promise, to repay to the plaintiff moneys received of him by the defendant. The declaration was — " That on the 22d day of June, 1786, the defendant received of the plaintiff, £142 14s. 10d. lawful money, which was the proper money of the plaintiff; and that the defendant received the same for the plaintiff's use, and to account with the plaintiff therefor in a reasonable time afterward, when thereto requested: And that the defendant thereupon became liable by law, to pay to the plaintiff the aforesaid sum of £142 14s. 10d. lawful money, and being so liable, assumed and promised," etc.

On demurrer, this declaration was adjudged to be ill.

By the COURT. If the plaintiff had declared simply, on the defendant's receiving his money to his use, there would have been room for an implied promise to repay it; but when the declaration goes further, and expresses the money to have been received to account, there is no ground left for such implication. An action of account being brought for this money, the defendant would be allowed to show, that he had laid out, or expended it, according to the direction of the plaintiff; but as the action is now brought, nothing but pay-

ing the money to the plaintiff can be a performance: For a promise to pay, and a promise to account, are substantially different, and admit a different mode of trial, issue, and judgment.

LAW, C. J., and ELLSWORTH, J., dissenting. This is an implied assumpsit.— The objection to the declaration is — That there was no debt to raise the promise: For, that the receiving the plaintiff's money " to his use, and to account with him therefor," was a receiving as factor, to lay out and render an account of the profits. The words, we apprehend, do not import this. Where such is the receiving, and suit is brought, the words are, *ad proficiendum,* or *ad merchandizandum et computandum.* Receiving money to the use of another, or to account with him for it, are, in common understanding, convertible terms; and where, as in this case, both are used, but one thing is intended, as by the words assumed and promised. Receiving money generally to ac-account for, or be accountable, without more said or agreed, does not give the receiver authority to merchandise with it, upon the account and risk of the payor, or him to whose use it is received, but holds him chargeable in debt for it. All our book debts are matters of account. The articles charged are, in the diction of the statute, to be accounted for, and are so received; yet debt lies. And wherever one receives money to the use of another, he is, in law language and common parlance, to account for it; (which is all the plaintiff has said here) yet *indebitatus assumpsit* always lies in such case. And this being an equitable action, and admitting equitable grounds of defense, the defendant hath advantage under the general issue, of discounts on book, or offsets against other simple contract debts; which, in our opinion, is all the benefit

of accounting that the declaration, in this case, imports him entitled to: —Wherefore, we think the declaration, though informal, substantially good.